### 18877

CAROLINA COCA-COLA BOTTLING COMPANY, Respondent, v. The SOUTH CAROLINA TAX COMMISSION and Robert C. Wasson, Chairman, James A. Calhoun and Wyatt E. Durham, constituting the members of the South Carolina Tax Commission, Appellants.

(166 S. E. (2d) 225)

*Messrs. Daniel R. McLeod, Attorney General, and Joe L. Allen, Jr. and G. Lewis Argoe, Jr. Assistant Attorneys General,* of Columbia, *for Appellants,*

*Messrs. R. Kirk McLeod, and Ramon Schwartz, Jr.,* of Sumter, *for Respondent,*

February 20, 1969.

BRAILSFORD, Justice.

Carolina Coca-Cola Bottling Company brought this action against The South Carolina Tax Commission to recover $12,385.44 paid under protest for 10,152 gross of soft drink license tax crowns used in 1967 at its Chester bottling plant. The company also operated a bottling plant at Sumter and during the same period used 48,065 crowns at that plant. Under the terms of Section 65-775, Code of 1962, the company claimed and was allowed an exemption from tax on 15,000 gross of the crowns used at Sumter and was allowed a reduction in price on another 15,000 crowns. The sole issue on the appeal is whether the company was entitled to an additional exemption on crowns used at the Chester plant.

Article 6 of Chapter 11, Code of 1962, imposes a "Soft Drinks Tax" upon, *inter alia,* every person engaged in the business of manufacturing bottled drinks for sale in this State. The rate of tax is fixed at one cent for each twelve ounces, or fractional part, and, when appropriate, payment of the tax shall be evidenced by the use of tax paid crowns to be furnished by the Commission. In effect, a discount on the

tax is allowed to manufacturers by Section 65-775, *id.,* which we quote in pertinent part:

"The Commission shall charge one dollar and twenty-two cents per gross for each one cent of face value for soft drink license tax crowns or lids; provided, however, that the first fifteen thousand gross of one-cent units of face value of crowns or lids, or both, purchased *by any one person* in any one fiscal year * * * shall be exempt from any tax, and the second fifteen thousand gross shall be sold by the Commission at one dollar and five cents per gross. The exemption of the first fifteen thousand gross of one-cent units and the reduction for the second fifteen thousand gross shall be applied only once during any one fiscal year *to any one manufacturing plant.* * * *" (Italics ours.)

The circuit court found a conflict in the italicized phrases in the above quotation and a legislative purpose "to permit the exemption at any manufacturing plant." He, therefore, concluded that the company was entitled to a second exemption on crowns used at Chester up to 15,000. We disagree.

The tax is imposed on the person (or corporation) engaged in the business of manufacturing soft drinks for sale in this State. The exemption is allowed to the taxpayer. The last sentence in the above quotation from the statute does not grant an exemption. Instead, it imposes a meaningful limitation on the exemption previously granted. For example, in case of a change of ownership, the transferor and transferee would be limited to one exemption against crowns purchased for use in the same plant in the same fiscal year.

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.